[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 25, 2003
THOMAS K. KAHN
CLERK

No. 03-10223

D. C. Docket No. 01-00294 CV-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KANMI GBOLAHAN ONABANJO,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(November 25, 2003)**

Before ANDERSON, BARKETT and RONEY, Circuit Judges.

PER CURIAM:

Kanmi Gbolahan Onabanjo, a Nigerian native, appeals the district court's

decision granting the government's motion for summary judgment, and revoking

his citizenship pursuant to 8 U.S.C. §1451(a), holding that Onabanjo did not satisfy

the Congressional prerequisite of living in marital union with his citizen spouse during the three years prior to his filing for expedited naturalization under 8 U.S.C. §1430(a). Onabanjo appeals.

Onabanjo and his wife were married on April 19, 1985. Their daughter was born on February 4, 1986. On July 5, 1989, Onabanjo filed a petition seeking an expedited naturalization pursuant to 8 U.S.C. §1430(a), on the basis of his marriage to his citizen spouse, Joan Beatrice Tatum-Onabanjo (herein referred to as his wife). The summary judgment record reveals that Onabanjo and his wife were living apart during some of the relevant time period. Although admitting that he relocated to Atlanta in September 1988 for employment reasons, Onabanjo asserted that he and his wife remained in marital union, and adduced evidence that he and his wife made a joint decision that he must do that for occupational reasons, that he and his wife and child have continued to be a family unit, that he has continued to be in full communication with them as a good husband and father, and that he and his wife have never viewed themselves as not married or as married but estranged.[1]

The relevant statutory and regulatory framework is as follows. Pursuant to 8 U.S.C. §1451(a), the government has a duty "upon affidavit showing good cause

---

[1] Although there is contradictory evidence in the summary judgment record which, if believed, would indicate an absence of an marital union, we must take the evidence and reasonable inferences in the light most favorable to Onabanjo in this summary judgment posture.

therefor, to institute proceedings in any district court of the United States in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation ...." The government carries a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship. Costello v. United States, 365 U.S. 265, 269, 81 S.Ct. 534, 536 (1961). The evidence must be "clear, unequivocal, and convincing and not leave the issue in doubt." Fedorenko v. United States, 449 U.S. 490, 505, 101 S.Ct. 737, 747 (1981). As noted above, Onabanjo received his certificate of naturalization pursuant to the expedited procedures of 8 U.S.C. §1430(a), which provides in relevant part:

> Any person whose spouse is a citizen of the United States ... may be naturalized upon compliance with all the requirements of this subchapter except the provisions of paragraph (1) of section 1427(a) of this title if such person immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least three years, and during the three years immediately preceding the date of filling his application has been living in marital union with the citizen spouse ....

In other words, naturalization can be obtained after three years of legal permanent

3

residency in the United States, rather than the normal five years, if the resident is married to an American citizen and if the requirements of §1430(a) are satisfied. The particular requirement of §1430(a) at issue in the instant appeal is the three-year "marital union" requirement.

The relevant regulation provides as follows:

(b) Marital union--
(1) General. An applicant lives in marital union with a citizen spouse if the applicant actually resides with his or her current spouse. The burden is on the applicant to establish, in each individual case, that a particular marital union satisfies the requirements of this part.
(2) Loss of Marital Union--
(i) Divorce, death or expatriation. ...
(ii) Separation--
(A) Legal separation. Any legal separation will break the continuity of the marital union required for purposes of this part.
(B) Informal separation. Any informal separation that suggests the possibility of marital disunity will be evaluated on a case-by-case basis to determine whether it is sufficient enough to signify the dissolution of the marital union.
(C) Involuntary separation. In the event that the applicant and spouse live apart because of circumstances beyond their control, such as military service in the Armed Forces of the United States or essential business or occupational demands, rather than because of voluntary legal or informal separation, the resulting separation, even if prolonged, will not preclude naturalization under this part.
(c) Physical presence in the United States. In the event that the alien spouse has never been in the United States, eligibility under this section is not established even though the alien spouse resided abroad in marital union with the citizen spouse during the three year period.

8 CFR § 319.1

4

The district court held that Onabanjo's citizenship was illegally procured because he did not actually reside in the same home with his citizen wife for the three years preceding his petition for naturalization.[2] Onabanjo argues on appeal that the district court erred in requiring actual residence in the same home. In particular, Onabanjo argues that the district court erred in failing to consider the application of the exceptions to the actual residence requirement as provided for in 8 C.F.R. §319.1(b)(2)(ii).

In holding that actual residence in the same home with the citizen spouse is required, the district court relied upon United States v. Maduno, 40 F.3d 1212 (11th Cir. 1994). Although there is language in the Maduno opinion suggesting an actual residence requirement, we do not believe that Maduno holds that the actual residence requirement is absolute, or that the exceptions provided for in the regulation are invalid or otherwise inoperative. Although Maduno said that the district court's instruction was a correct statement of the law, and that instruction included an actual residence requirement, the instruction also indicated exceptions for various short periods of separation. More significant, the Maduno holding

---

[2]     Although the government's motion for summary judgment was based upon assertions that Onabanjo had misrepresented material facts in his naturalization petition, and that Onabanjo's citizenship was illegally procured because he lacked good moral character, the district court declined to address the grounds relied upon by the government, and instead relied upon the undisputed evidence that Onabanjo and his wife did not actually reside in the same home.

expressly relied upon 8 C.F.R. §319.1(b)(1), quoting its general rule, "An applicant lives in marital union with a citizen spouse if the applicant actually resides with his or her current spouse." We note that the regulation then, as it does now, states that general rule, but goes on to provide for the exceptions quoted above. The only fair reading of the <u>Maduno</u> decision is that it applied the regulation's general rule, but that it did not address the exceptions provided for in the regulations. Most likely, the exceptions were either not argued or clearly inapplicable.

The district court in the instant case applied the regulation's general rule that actual residence was required, without considering the applicability of the exceptions provided for in the regulation. This was error.

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.